IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| ALLEN GANG, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-23-03501 |
| GLENDORA HUGHES, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Allen Gang ("Plaintiff"), who is self-represented, filed an amended complaint against the Maryland Commission on Civil Rights ("the MCCR"), its General Counsel, Glendora Hughes, and one of its Civil Rights Officers, LaVonne Oliver (collectively "Defendants"). ECF 7. In his Amended Complaint, Plaintiff alleges that Defendants conducted an inadequate investigation of his discrimination claims relating to his employment with the Maryland Department of Public Safety and Correctional Services ("DPSCS"), leading to a report containing false findings. *Id.* Defendants have filed an amended motion to dismiss, ECF 24, which Plaintiff has opposed, ECF 29. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendants' Amended Motion to Dismiss must be GRANTED and Plaintiff's Amended Complaint must be DISMISSED in its entirety.

I. **LEGAL STANDARDS**

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Here, Defendants invoke two provisions of Rule 12. ECF 24-1. Rule 12(b)(1) deals with jurisdiction and governs claims, like Defendants make here,

that they are entitled to Eleventh Amendment immunity. *See Beckham v. Nat'l R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 547 (D. Md. 2008).

A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## II. ANALYSIS

This Court will dispense with a summary of the allegations made in Plaintiff's Amended Complaint, which is 96 pages in length. ECF 7. However, for purposes of adjudicating this motion, this Court assumes all of the allegations therein to be true, including the allegations that Defendants, in bad faith, conducted an inadequate investigation of Plaintiff's claims, leading to false findings in the MCCR report.

Even assuming that all of that is true, there is no remedy available to Plaintiff in federal court. The State of Maryland, as well as its agents and agencies, enjoys Eleventh Amendment immunity from suits brought in federal court. The Eleventh Amendment provides that a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Florida Dep't of Health v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981) (per curiam)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts under the Maryland Tort Claims Act, *see* Md. Code Ann.,

3

State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment and agreed to be sued in federal court.

The MCCR is a state agency. Ms. Hughes and Ms. Oliver were State officials being sued in their official capacities for engaging in official MCCR duties. ECF 7. The State of Maryland is therefore the real party in interest. *See Edelman v. Jordan*, 415 U.S. 651, 662-65 (1974) (finding the state to be the real party in interest when its officials are sued and damages would be payable from the state treasury); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (finding no difference between a suit against the state itself and suit against a state officer in his official capacity). Because this suit is, in essence, a suit against the State of Maryland, it is barred by the Eleventh Amendment and cannot proceed in federal court.

### III.  CONCLUSION

For the reasons set forth above, Defendants' Amended Motion to Dismiss, ECF 24, is granted and Plaintiff's Amended Complaint, ECF 7, is dismissed without prejudice. This case will be closed. A separate Order follows.

Dated: August 4, 2025

                                                       /s/
                                   Stephanie A. Gallagher
                                   United States District Judge